TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------------------------X
HARPREET SINGH,
*on his own behalf and on behalf of others similarly situated*

                               Plaintiff,
                            v.

JAAP TRUCKING INC
SSM FREIGHT LLC
KULDEEP SINGH
                              Defendants.
-----------------------------------------------------------X

Case No. 23-cv-06645

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff HARPREET SINGH (hereinafter referred to as Plaintiff), on behalf of herself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants JAAP TRUCKING INC, SSM FREIGHT LLC (Collectively referred to as "Corporate Defendants"), and KULDEEP SINGH (Collectively with Corporate Defendnat referred to as "Defendants"), and alleges as follows:

### INTRODUCTION

      1.    This action is brought by the Plaintiff Hapreet Singh, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

      2.    Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and

practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4. Plaintiff further alleges pursuant NJWHL that he is entitled to recover from the Defendants: (1) unpaid wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

5. Plaintiff further alleges under the NJWPL that he is entitled to recover from the Defendants: (1) unpaid earned wages, (2) unpaid overtime wages, (3) liquidated damages, (4) pre-judgment and post-judgment interest and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8. Plaintiff Harpreet Singh was employed by Defendants to work as a Truck Driver for both Corporate Defendants SSM Freight LLC, with a principal office located at 8125 West 10th Street, Indianapolis, Indiana, 46214 and JAAP Trucking Inc., with a principle located at 54 Toler Place Newark, NJ 07114

## DEFENDANTS

*Corporate Defendants*

9. Defendant JAAP Trucking Inc is a domestic business corporation organized under the law of the State of New Jersey with a principal address at 54 Toler Place Newark, NJ 07114 and mailing address at PO Box 2000 Linden, NJ 07036.

10. JAAP Trucking Corp is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. JAAP Trucking Corp purchased and handled goods moved in interstate commerce.

12. Defendant SSM Freight LLC is a domestic business corporation organized under the law of the State of Indiana with a principal address at 8125 West 10th Street Indianapolis, IN 46214.

13. SSM Freight LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14. SSM Freight LLC purchased and handled goods moved in interstate commerce

*Owner/Operator Defendants*

15. Upon information and belief, Kuldeep Singh known as manager and owner to Plaintiff and the President of SSM Freight LLC, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records of Corporate Defendants.

16. Kuldeep Singh hired the plaintiff.

17. Kuldeep Singh paid the plaintiff.

18. Kuldeep Singh provided plaintiff with his schedule and pickup and drop off points that he would have to go to

19. Kuldeep Singh acted willfully, intentionally, and maliciously and is an employer within the meaning of the FLSA and NJWHL and is jointly and severally liable with Corporate Defendants.

## STATEMENT OF FACTS

### Corporate Defendants Formed a Single Integrated Enterprise

20. Corporate Defendants are both trucking companies that plaintiff worked for while employed with the defendants

21. Corporate Defendants were jointly operated by Defendant Kuldeep Singh, who centralized control and implemented a unified scheme of labor relations.

22. In particular, Kuldeep Singh is the President for SSM Freight LLC and upon information and belief the owner and manager for JAAP Trucking Inc.

23. Further, plaintiff received his checks from both SSM Freight LLC and JAAP Trucking Inc for the work he provided to the Defendants

24. At all times during plaintiffs employment Kuldeep Singh was the person that was managing and owned both corporations.

25. The work that plaintiff was beneficial to corporate defendants at all times throughout his employment

### Wage and Hour Claims

26. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

27. At all relevant times, Defendants knowingly and willfully failed to pay

Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

29. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

30. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

31. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

32. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

33. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff Harpreet Singh*

34. Plaintiff Harpreet Singh was employed by the Defendants as a Truck Driver for Defendants truck companies from on or around June 13, 2022, to on or around October 31, 2022.

35. Plaintiff Harpreet Singh and other employees of Defendants would receive their assigned loads, pickup locations and drop off locations from Defendants.

36. Plaintiff Harpreet Singh usually spent between six (6) to seven (7) days per week driving.

37. Plaintiff Harpreet Singh usually spent eighteen (18) hours per day driving.

38. Plaintiff Harpreet Singh usually drove around one thousand (1,000) miles per day.

39. Plaintiff Harpreet Singh drove for around one hundred and seventeen (117) hours per week and for around six thousand five hundred (6,500) miles per week for the Defendants.

40. From June 13, 2022 to October 31, 2022, plaintiff was to be paid sixty cents ($.60) per mile he drove. This meant for the six thousand five hundred miles that he drove, plaintiff would ear around three thousand nine hundred dollars ($3,900.00) per week.

41. Although plaintiff Harpreet Singh was promised this rate, defendants failed to pay plaintiff for all the hours that he worked, specifically the last three weeks that plaintiff was employed.

42. As a result of defendant's failure to pay plaintiff for all his wages, plaintiff is owed his remaining pay in back wages for the three weeks he did not get paid.

43. Plaintiff's compensation did not include pay at a time and a half for all weeks that he worked over forty (40) in that week.

44. Defendants committed the foregoing acts knowingly, willfully, and maliciously, against plaintiff, the Collective and the Class.

45. Plaintiffs has fulfilled all conditions precedent, or such conditions have been

waived

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

47.     Plaintiff brings her NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

48.     All said persons, including Plaintiff, are referred to herein as the "Class."

49.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

50.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the

Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

51. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

    b. Whether Plaintiff and Class members are promised and not paid at their promised hourly wage under the NJWHL;

    c. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the NJWHL;

    d. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    e. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

    f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

52. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or

overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

53. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these

costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

55. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violation of NJWHL §§34:11-56a—Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Class]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Section 34:11-56a4.5.b(1) of the New Jersey Statutes provides that "[a]n employer shall [] pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week."

58. Throughout plaintiff's employment with defendants, plaintiff received a flat

compensation that did not include pay for overtime at a rate of one- and one-half times his regular rate for the weeks that he worked more than forty (40) hours.

59. Accordingly, Rajat Kumar was not paid one- and one-half times the New Jersey minimum wage during the time that he was not paid for his hours.

60. Section 34:11-56a25.26 of the New Jersey Statutes provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which the employee is entitled under the provisions of P.L.1966, c.113 (C.34:11-56a *et seq.*)…, the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer…, and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wage [] as liquidated damages, plus costs and reasonable attorney's fees as determined by the court."

61. Defendants knowingly, willfully and maliciously disregarded the provisions of the NJWHL by failing to pay plaintiff overtime

## COUNT II.
### [Violation of NJWPL § 34:11-4.2—Failure to Pay Earned Wages Brought on Behalf of the Plaintiff and the Collective]

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. NJWPL § 34:11-4.2 provides that "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular pay days designated in advance by the employer."

64. During the last three weeks of plaintiff's employment with defendants he was not paid any wages and therefore is owed that money in back wages.

65. NJWPL § 34:11-4.10(c) provides that "[i]f any employer fails to pay the full amount of wages to an employee agreed to or required by, or in the manner required by, the

provisions of article 1 of chapter 11 of Title 34 of the Revised Statutes and all acts supplementing that article (R.S.34:11-2 *et al.*), the employee may recover in a civil action the full amount of any wages due, … plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees as are allowed by the court."

66. Defendant's action in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief and were in violation of the NJWPL § 34:11-4.10. Plaintiff is entitled to full payment for all wages due to him that were not paid.

67. As a result of Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

70. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

71. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

72. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

73. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

74. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

75. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

      a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid wages and overtime wages due under FLSA and NJWHL due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

      g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

      i)      An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 2% simple prejudgment interest provided by NJWHL, post-judgment interest, and attorney fees and costs;

      j)      The cost and disbursements of this action;

      k)      An award of prejudgment and post-judgment fees;

      l)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.

Dated: August 21, 2023
      Flushing, New York

              TROY LAW, PLLC
              *Attorneys for the Plaintiff, proposed FLSA*
              *Collective and potential Rule 23 Class*

              /s/ Aaron Schweitzer
              Aaron Schweitzer
              41-25 Kissena Boulevard, Suite 110
              Flushing, NY 11355
              Tel: (718) 762-1324
              troylaw@troypllc.com