# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 110, Flushing, New York 11355

7/11/2025

<u>Via ECF</u>

Honorable Leda Dunn Wettre
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
      *SINGH et al. v JAAP TRUCKING INC et al.*, **23-cv-06645**

Dear Judge Wettre:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

## I.   Background

Plaintiff HARPREET SINGH was employed by Defendants JAAP TRUCKING INC; and SSM FREIGHT LLC and KULDEEP SINGH, (collectively, "Defendants"),

This lawsuit was originally filed on August 21, 2023, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid earned wages, (2) unpaid overtime wages, (3) liquidated damages, (4) pre-judgment and post-judgment interest and (5) attorneys' fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.   The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Nine Thousand Dollars ($9,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement

Hon. Leda Dunn Wettre
June 21, 2025
Page 2

agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.

"When analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements." *Regal v. Twp. of Springfiled*, 2015 U.S. Dist. LEXIS 21748, at *2 (D.N.J. Feb. 24, 2015). "A court should approve a settlement if it is fair and resolves a bona fide dispute." *Id.* "A proposed settlement resolves a 'bona fide dispute' when it 'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute,' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Gabrielyan v. S.O. Rose Apts. LLC*, 2015 U.S. Dist. LEXIS 135615, at *3 (D.N.J. Oct. 5, 2015) (quoting *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 U.S. Dist. LEXIS 30366, at *2 (E.D. Pa. Mar. 7, 2014)). "First, the court must determine that the settlement concerns a bona fide dispute. Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine that the agreement does not frustrate the implantation of the FLSA in the workplace." *Id.* at *4.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff HARPREET SINGH claimed that he worked approximately between thirty-seven and forty eight hundredth (37.48) hours to seventy nine and thirty five hundredth (79.35) hours on average each week from on or about June 13, 2022 to October 30, 2022; and he was paid Sixty Cents ($ .60) per mile per hour driven. The

Hon. Leda Dunn Wettre
June 21, 2025
Page 3

Compensation per Loading and Unloading Hour was Fifty Dollars ($50) while the Compensation per Waiting Hour was Twenty Five Dollars ($25). During this time, the waiting hour per period was between 0 hours to thirteen (13) hours. Plaintiff claims that the compensation received was from week to week below the compensation he was promised.

Plaintiff HARPREET SINGH's unpaid compensation shortfall without liquidated damages under the FLSA was Five Thousand Eight Hundred Seventy-Eight Dollars And Eighty-Seven Cents ($5,878.87) and his unpaid wage and overtime compensation shortfall under the NJWHL was Eleven Thousand Seven Hundred Fifty-Seven Dollars And Seventy-Three Cents ($11,757.73). The sum of one FLSA compensatory and two liquidated damages, with prejudgment interest, is Seventeen Thousand Six Hundred Ninety Eight Dollars and Seventy Eight Cents ($17,698.78).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Nine Thousand Dollars ($9,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

Hon. Leda Dunn Wettre
June 21, 2025
Page 4

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Nine Thousand Dollars ($9,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Four Hundred Ninety-Five Dollars And Eighty Cents ($495.80). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Eight Thousand Five Hundred Four Dollars And Twenty Cents ($8,504.20).

Of the Net Settlement Amount, Forty Percent (40%), or Three Thousand Four Hundred One Dollar and Sixty Eight Cents ($3,401.68), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Four Hundred Ninety-Five Dollars And Eighty Cents ($495.80) for a total of Three Thousand Eight Hundred Ninety Seven Dollars and Forty Eight Cents ($3,897.48). Of the Net Settlement Amount, Sixty Percent (60%), or Five Thousand One Hundred Two Dollars and Fifty Two Cents ($5,102.52) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered forty percent (40%) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover Sixty Percent of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only forty percent (40%) of net recovery of any settlement in addition to costs and expenses.

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement. Respectfully Submitted,

**TROY LAW PLLC**
*Attorneys for Plaintiffs*

/s/ Aaron Schweitzer
Aaron Schweitzer
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel.: 718-762-1324

**Cillick & Smith**
*Attorneys for Defendants*

Suzanne Smith and
Burcu Kulaksiz, Esq.
25 Main Street
Hackensack, NJ 07601
Tel: 201-342-0808