UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARPREET SINGH, *on his own behalf and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>JAAP TRUCKING INC, *et al.*,<br><br>Defendants. | Civil Action No. 23-6645 (LDW)<br><br>**MEMORANDUM OPINION AND ORDER APPROVING FLSA SETTLEMENT** |

This matter comes before the Court by way of the parties' joint motion for final settlement approval. (ECF 45). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF 47). The Court makes the following findings of fact and conclusions of law in approving the settlement.

**I.  Background and Procedural History**

1.  The parties' proposed settlement resolves plaintiff's wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. §§ 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.2.

2.  Plaintiff, a former truck driver, commenced this action on August 21, 2023, against his former employers, defendants JAAP Trucking Inc and SSM Freight LLC as well as the principal/owner and manager of SSM Freight LLC, individual defendant Kuldeep Singh. Plaintiff alleges that defendants failed to pay him minimum wage and overtime compensation for time worked in excess of forty hours per week, in violation of the NJWHL and the FLSA. (Compl., ECF 1). On November 20, 2023, plaintiff moved for an extension of time to serve defendants pursuant to Federal Rule of Civil Procedure

4(m) (ECF 5), which the Court granted on December 15, 2023. (ECF 8). Plaintiff successfully effectuated service on defendants on February 1, 2024 (ECF 9-10), and counsel for defendants entered an appearance on February 29, 2024. (ECF 12). The parties thereafter entered a stipulation extending defendants' time to answer or otherwise respond to the complaint (ECF 13), which the Court entered on March 18, 2024. (ECF 15). Defendants filed a motion to dismiss on that same day. (ECF 14).

3. While the motion to dismiss remained pending, the undersigned began supervising pretrial discovery and held an initial scheduling conference on April 24, 2024. The Court entered a Pretrial Scheduling Order (ECF 21), and the parties began to engage in discovery. On July 25, 2024, the Hon. Katherine S. Hayden, U.S.D.J. denied defendants' motion to dismiss and the parties' stipulation purporting to certify a conditional FLSA collective action. (ECF 29). The Court held a settlement conference on February 19, 2025, which failed to resolve the action, but which allowed the Court to direct the parties to engage in specific, targeted discovery to narrow the issues in dispute. (ECF 39). Thereafter, the Court continued settlement discussions with the parties at conferences held on April 7 and May 22, 2025, at the last of which the Court presented the parties with a mediator's proposal.

II.     **Settlement**

4. By June 3, 2025, both parties advised the Corut that they accepted the mediator's proposal. The Court memorialized the parties' agreement in a text order and further directed them to file a motion for FLSA settlement approval. (ECF 42).

2

5. The parties agreed to settle this case for a total amount of $9,000.00 (the "Settlement Amount") in full satisfaction of plaintiff's claims and their attorneys' fees and costs. (ECF 45 at 1).

6. The parties further agreed that the settlement sum is to be paid in a single installment consisting of three checks and distributed as follows:

   a. A payment to plaintiff Harpreet Singh in the sum of $5,102.52. (ECF 45-1 at 2).

   b. A payment to Troy Law, PLLC of $3,401.68 for attorneys' fees. (*Id*. at 2).

   c. A payment to Troy Law, PLLC of $495.80 for out-of-pocket costs expended on behalf of plaintiff. (*Id*. at 2).

### III. Final Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9.  Here, plaintiff alleges that his total pay owed, excluding liquidated damages, amounted to approximately $5,878.87. (ECF 45-2 (table calculating plaintiff's alleged wage shortfall)). The Court determines that plaintiff's agreement to settle for the ultimately greater sum of $9,000 constitutes a compromise of a bona fide dispute for three principal reasons. First, defendants maintain that they paid plaintiff in full compliance with the applicable laws and admit no liability, as detailed in their motion to dismiss. (ECF 14 at 6-8). Accordingly, there is no guarantee that plaintiff would prevail after further litigation. Second, in addition to disputing plaintiff's claims as to inadequate wage payments, defendants vigorously argue that plaintiff was an independent contractor and thus not covered by the FLSA or relevant New Jersey statutes. (ECF 37). Had a settlement not been reached, defendants intended to file a motion for summary judgment on these grounds, which may have resulted in plaintiff's claims being dismissed in their entirety. (*Id*.). Third, by reaching a settlement at the early stages of litigation, plaintiff avoids significant delay in recovering his alleged unpaid wages. The settlement thus serves as a reasonable compromise of the disputed claims.

10. Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel before the Court. Nothing in the record indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

11. The parties have submitted a final settlement agreement, which has been reviewed by the Court. (ECF 45-1). The Court finds the release provisions contained therein fully comply with applicable law as it does not include a waiver of claims beyond

plaintiff's wage claims in this litigation. (*See id.* ¶ 10). Further, the agreement does not contain a confidentiality provision nor a non-disparagement clause. However, the Court does not approve of the provision mandating the Court's appointment of a receiver in the event defendants fail to remit the settlement payment. (*See id.* ¶ 4). That clause shall be revised to provide that plaintiff may seek such relief, but not that the Court shall necessarily grant it.

12.     Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF No. 45-1) and approves the payment to be made to plaintiff in the amount stated in the Settlement Agreement.

## IV.    Award of Attorneys' Fees and Costs

13.     When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted).

14.     Plaintiff's Counsel seeks $3,897.48.00 in fees and reimbursement for costs.

15.     Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling plaintiff's claims. This includes Plaintiff's Counsel defending plaintiff's claims against a motion to dismiss at oral argument and participating in numerous conferences before the undersigned.

16. The fees requested represent approximately forty percent (40%) of the total settlement amount, which has been held to be fair and reasonable in this District. *See Haynes v. Artech L.L.C.*, 20-CV-9173, 2021 WL 3130826, at *2 (D.N.J. July 23, 2021) (finding award of attorneys' fees representing 40% of total settlement amount reasonable given length and complexity of case).

17. The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $3,897.48.00.

## V. Conclusion and Dismissal

18. The Court approves the terms and conditions of the Settlement Agreement.

19. The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

20. The action is hereby dismissed with prejudice pursuant to a stipulation and order entered separately, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement.

21. The Clerk of the Court shall mark the case CLOSED.

**It is so ORDERED this 24th day of July 2025**.

    *s/ Leda Dunn Wettre*
Leda Dunn Wettre
United States Magistrate Judge